**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

TAMECA S. HILL,
RAYMELL C. MOORE,

Plaintiffs,

XAVIER BECERRA, SECRETARY OF THE
DEPARTMENT OF HEALTH AND HUMAN SERVICES,

WISCONSIN DEPARTMENT OF HEALTH SERVICES,
UNITED HEALTH CARE INSURANCE COMPANY

Involuntary Plaintiffs,

v. Case No. 24-CV-737

PROGRESSIVE UNIVERSAL INSURANCE CO,
BRIAN YOUNG, RICHARD TOLENTINO [Squad 3284],
JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281],
SHAUNDAE MCINTOSH, and STEVEN MENGE [Squad 7280],
CITY OF MILWAUKEE,
JOHN DOE (Unknown Drivier),
EDWARD THOMAS,
XAVIER HAYES,
KEJUAN PEREZ,
TREVON MALONE,
and EARNEST JULIEN,

Defendants.

---

**DEFENDANT SHAUNDAE MCINTOSH'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL**

---

NOW COMES the Defendant, Shaundae McIntosh, by his attorney, Evan C. Goyke, City Attorney, represented by William Hotchkiss, Assistant City Attorney, and as and for his answer to the Plaintiffs' complaint, admits, denies, alleges and states as follows:

## PARTIES To COUNT I, II and III

1. Plaintiffs Tameca S. Hill and Raymell C. Moore are adult residents of Wisconsin, who reside at 4826 N. 91st Street, Milwaukee, WI 53225.

**RESPONSE:** Based on representations of counsel, admits.

2. Upon information and belief, Defendant Progressive Universal Insurance Company is a foreign company, with offices of its registered agent, CT Corporation System 301 S. Bedford Street, Madison, WI 53703. Said Defendant does substantial business in Milwaukee County Wisconsin; that said Defendant is engaged in the business of writing and selling liability insurance; that prior to the date of this incident, February 19, 2021, said Defendant issued a policy of insurance to or for the benefit of the Plaintiff, Tameca S. Hill provided liability coverage to said person and her guest passenger Raymell C. Moore for claims such as those hereafter set forth, and which policy of insurance was in full force and effect at all times material hereto.

**RESPONSE:** Lack information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

3. **Xavier Becerra,** Secretary of the United States Department of Health and Human Services, has oversight responsibility for the Centers for Medicare & Medicaid Services ("CMS"), the centers responsible for administering the federal Medicare program. Upon information and belief, the Medicare program paid health claims of behalf of the plaintiffs, **Tameca S. Hill** and **Raymell C. Moore,** for medical care and services rendered as a result of the accident which is the subject of this case. Pursuant to 42 U.S.C. § 1395y(b)(2), Medicare is entitled to reimbursement for related paid claims if plaintiff recovers through settlement or judgment. Plaintiff asserts no claim against the United States, it [sic] agencies or employees.

**RESPONSE:** Lack information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

4. The involuntary plaintiff, **WISCONSIN DEPARTMENT OF HEALTH SERVICES,** is a governmental entity organized and existing under the laws of the State of Wisconsin, with its principal office located c/o Office of the Legal Counsel, 1 West Wilson Street, Room 651, City of Madison, County of Dane, State of Wisconsin 53707; that by virtue of a health insurance policy covering the plaintiff, the involuntary plaintiff, **WISCONSIN DEPARTMENT OF HEALTH SERVICES,** may have paid some or all of the medical bills incurred by the plaintiffs, **Tameca S. Hill** and **Raymell C. Moore,** for treatment of the injuries received in the accident which is the subject matter of the instant suit; and by virtue of any such payments, the involuntary plaintiff, WISCONSIN DEPARTMENT OF HEALTH SERVICES, may have a subrogated interest in this claim and is a proper party to this action pursuant to the laws of the State of Wisconsin.

**RESPONSE:** Lack information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

5. The involuntary plaintiff, **UNITED HEALTH CARE INSURANCE COMPANY,** is a corporation organized and existing under the laws of the State of Connecticut, with its principal office for service of process located c/o CT Corporation System, 301 South Bedford Street, Suite 1, City of Madison, County of Dane, State of Wisconsin 53703; that does substantial, not isolated business activities within the County of Milwaukee, State of Wisconsin, that at all times material hereto, had in full force and effect, a policy of health insurance coverage through the UnitedHealthcare Community Plan, a Medicare Advantage organization, with the plaintiffs, **Tameca S. Hill** and **Raymell C. Moore,** that provided the plaintiffsf [sic] with health insurance coverage for the injuries and damages he sustained as more fully alleged hereinafter; and by virtue of thereof [sic], said involuntary plaintiff claims a subrogation interest in this matter and is therefore a proper party to this action pursuant to the laws of the State of Wisconsin.

**RESPONSE:** Lack information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

## GENERAL ALLEGATIONS

6. Realleges and incorporates by reference the allegations of the preceding paragraphs.

**RESPONSE:** This paragraph does not contain factual allegations, but realleges previous paragraphs and therefore, defendant does not believe a response is required.

7. Plaintiff's policy of insurance with Defendant provides coverage to the Plaintiff and her guest passenger for personal injuries suffered as a result of an accident defined as a "hit and run" under the uninsured coverage endorsement purchased by Plaintiff.

**RESPONSE:** Lack information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

8. On February 19, 2021, Plaintiff and her guest passenger were injured as a direct result of a hit and run driver who negligently operated his/her vehicle.

**RESPONSE:** Admits that Plaintiff and her passenger were hit by the driver, lacks information regarding any injury and lacks information regarding whether the driver was negligent and therefore denies in part.

9. The identity of the hit and run driver is unknown.

**RESPONSE:** Admits.

10. The police issued a report of the accident on February 19, 2021 attached hereto as Exhibit 1 and incorporated herein.

**RESPONSE:** Admits that attached is a Wisconsin Motor Vehicle Crash Report.

11. Despite proper demand on Progressive, it has failed to pay benefits to the Plaintiff pursuant to her policy.

**RESPONSE:** Lacks information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

## COUNT I: BREACH OF CONTRACT

12. Realleges and incorporates by reference the allegations of the preceding paragraphs.

**RESPONSE:** This paragraph does not contain factual allegations, but realleges previous paragraphs and therefore, Defendant does not believe a response is required.

13. Plaintiff contracted with Defendant to provide for uninsured motorist insurance coverage in accordance with the policy of insurance described in ¶ 2.

**RESPONSE:** Lacks information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

14. Pursuant to the contract for insurance, Defendant has a duty to compensate Plaintiff and her guest passenger for damages sustained because of the hit and run accident on February 19, 2021.

**RESPONSE:** Lacks information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

15. Defendant breached its duty to Plaintiff and her guest passenger described in ¶ 11 by refusing to provide contracted [sic] for insurance coverage.

**RESPONSE:** Lacks information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

16. The Plaintiff and the guest passenger have suffered damages as a result of the Defendant's breach.

**RESPONSE:** Lacks information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

**COUNT II: § 628.46, Wis. Stats.**

17. Reallege and incorporate by reference the allegations of the preceding paragraphs.

**RESPONSE:** This paragraph does not contain factual allegations, but realleges previous paragraphs and therefore, defendant does not believe a response is required.

18. Wisconsin Statutes $628.46 [sic] imposes 12% simple interest on overdue payments to insurance claimants in actions, such as complained of herein.

**RESPONSE:** Lacks information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

19. The policy issued by Defendant to Plaintiff was in full force and effect at all times material hereto and provides uninsured motorist coverage.

**RESPONSE:** Lacks information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

20. Despite proper demand on Defendant, it has failed to pay benefits to the Plaintiff pursuant to her policy.

**RESPONSE:** Lacks information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

21. Any amounts not timely paid to Plaintiff is subject to 12% simple interest.

**RESPONSE:** Lacks information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

## JURISDICTION Civil Rights Claims

This lawsuit alleges causes of action arising out of a motor vehicle collision occurring as a result of a high-speed motor vehicle pursuit occasioned by the defendants, City of Milwaukee Police Officers **BRIAN YOUNG, RICHARD TOLENTINO [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281]** against the defendants, **JOHN DOE** (Unknown Driver). **EDWARD THOMAS, XAVIER HAYES, KEJUAN PEREZ, TREVON MALONE** and **EARNEST JULIEN** all of whom conspired with the unknown driver to evade police apprehension, resulting in the vehicle being operated by the defendants, co-conspirators, crashing into a motor vehicle being operated by the plaintiff, Tameca Hill and her passenger Raymell Moore.

**RESPONSE:** Denies that this motor vehicle collision occurred as a result of the pursuit, further denies any implication that defendants Bring Young, Richard Tolentino, Jeffrey Jopp, or Alexander Verreault conspired with any of the co-defendants.

Counts 4 and 5 are brought pursuant to 42 USC §1983 and §1988 and the Fourteenth Amendment to the United States Constitution. Jurisdiction is founded upon 28 USC §1331 and §1343(1)-(4). Furthermore, state courts have independent jurisdiction to consider 42 USC §1983 claims. Terry v. Kolski, 78 Wis 2d 475, 254 NW 2d 704 (1974). The United States Supreme Court has encouraged such actions to be filed in state court. Martinez v. Californiz, 444 US. 227 (1980).

**RESPONSE:** Admits as to jurisdiction, only.

Counts 4, 5, 6, and 7 of this lawsuit are brought pursuant to state law. In addition, the laws of the State of Wisconsin applicable to indemnification (Wis. Stats. §895.46) (Count 7) apply to the circumstances herein as it will be maintained that the conduct of the defendants, **BRIAN YOUNG, RICHARD TOLENTINO [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281],** and **SHAUNDAE McINTOSH** and **STEVEN MENGE [Squad 7280]** as alleged hereinafter, were done within the course and scope of their employment with the Police Department of the defendant, **CITY OF MILWAUKEE.**

**RESPONSE:** Denies any implied fault or liability on behalf of the defendants, admits that City of Milwaukee police officer defendants were acting within the course and scope of their employment.

## PRELIMINARY ALLEGATIONS CIVIL RIGHTS VIOLATION

1. That the plaintiff, **Tameca S. Hill,** is an adult resident of the City and County of Milwaukee, State of Wisconsin, residing at 4826 N. 91st Street Milwaukee, WI 53225.

**RESPONSE:** Based on representations of counsel, admits.

2. That the plaintiff, **Raymell C. Moore,** is an adult resident of the City and County of Milwaukee, State of Wisconsin, residing at 4826 N. 91st Street Milwaukee, WI 53225.

**RESPONSE:** Based on representations of counsel, admits.

3. **Xavier Becerra,** Secretary of the United States Department of Health and Human Services, has oversight responsibility for the Centers for Medicare & Medicaid Services ("CMS"), the centers responsible for administering the federal Medicare program. Upon information and belief, the Medicare program paid health claims on behalf of the plaintiffs, **Tameca S. Hill** and **Raymell C. Moore,** for medical care and services rendered as a result of the accident which is the subject of this case. Pursuant to 42 U.S.C. § 1395y(b)(2), Medicare is entitled to reimbursement for related paid claims if plaintiff recovers through settlement or judgment. Plaintiff asserts no claim against the United States, it [sic] agencies or employees.

**RESPONSE:** Lacks information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

4. The involuntary plaintiff, **WISCONSIN DEPARTMENT OF HEALTH SERVICES,** is a governmental entity organized and existing under the laws of the State of Wisconsin, with its principal office located c/o Office of Legal Counsel, 1 West Wilson Street, Room 651, City of Madison, County of Dane, State of Wisconsin 53707; that by virtue of a health insurance policy covering the plaintiff, the involuntary plaintiff, **WISCONSIN DEPARMENT OF HEALTH SERVICES,** may have paid some or all of the medical bills incurred by the plaintiffs, **Tameca S. Hill** and **Raymell C. Moore,** for treatment of the injuries received in the accident which is the subject matter of the instant suit; and by virtue of any such payments, the involuntary plaintiff, WISCONSIN DEPARTMENT OF HEALTH SERVICES, may have a subrogated interest in this claim and is a proper party to this action pursuant to the laws of the State of Wisconsin.

**RESPONSE:** Lacks information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

5. The involuntary plaintiff, **UNITED HEALTH CARE INSURANCE COMPANY,** is a corporation organized and existing under the laws of the State of Connecticut, with its principal office for service of process located c/o CT Corporation System, 301 South Bedford Street, Suite 1, City of Madison, County of Dane, State of Wisconsin 53703; that does substantial, not isolated business activities within the County of Milwaukee, State of Wisconsin, that at all times material hereto, had in full force and effect, a policy of health insurance coverage through the UnitedHealthcare Community Plan, a Medicare Advantage organization, with the plaintiffs, **Tameca S. Hill** and **Raymell C. Moore,** that provided the plaintifsf [sic] with health insurance coverage for the injuries and damages he sustained as more fully alleged hereinafter; and by virtue of thereof [sic], said involuntary plaintiff claims a subrogation interest in this

matter and is therefore a proper party to this action pursuant to the laws of the State of Wisconsin.

**RESPONSE:** Lacks information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

6. Upon information and belief, the defendants, **BRIAN YOUNG, RICHARD TOLENTINO [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281]** are adult residents of the City and County of Milwaukee, State of Wisconsin, with a business address of Milwaukee Police Department-District 3, 2333 North 49th Street, Milwaukee, WI 53210; defendants **SHAUNDAE McINTOSH** and **STEVEN MENGE [Squad 7280]** c/o Milwaukee Police Department-District 7, 3626 W. Fond du Lac Avenue Milwaukee, WI 53216 that, at all times material hereto, were City of Milwaukee Police Officers, acting under color of law, and in the course and scope of their employment.

**RESPONSE:** Admits.

7. That the defendant, **CITY OF MILWAUKEE,** is a municipal corporation organized and existing under the laws of the State of Wisconsin, with a primary address of 200 East Well Street, City and County of Milwaukee, State of Wisconsin 53202.

**RESPONSE:** Admits.

8. **JOHN DOE** (Unknown Driver) Address Unknown, **EDWARD THOMAS,** 2207 N. 32nd St Milwaukee, WI 53208, **XAVIER HAYES,** DOC #689448 c/o Kettle Moraine Correctional Institution P.O. Box 31 Plymouth, WI 53073, **KEJUAN PEREZ,** DOC #675589 c/o Racine Youthful Offender Correctional Facility P.O. Box 2200 Racine, WI 53404, **TREVON MALONE** 5065 N. 32nd St Milwaukee, WI 53209 and **EARNEST JULIEN** 4333 N. 28th St Milwaukee, WI 53216 are upon information and belief adult citizens of the State of Wisconsin with last known addresses with permanent residences in the City and County of Milwaukee, WI.

**RESPONSE:** Lacks information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

## FACTUAL ALLEGATIONS

9. At approximately 05:15 p.m. on February 19, the Milwaukee Police Department was engaged in surveillance in the 2200 block of North 32nd Street in the City and County of Milwaukee, WI. Upon information and belief a police officer made an observation that a then juvenile **Edward Thomas** was wanted for a warrant. **Thomas** entered the Jeep Cherokee.

**RESPONSE:** Admits.

10. On February 19, 2021, at approximately 05:30 p.m. upon information and belief the defendants, **JOHN DOE, EDWARD THOMAS, XAVIER HAYES, KEJUAN PEREZ, TREVON MALONE** and **EARNEST JULIEN** were the occupants of a stolen Jeep Cherokee Wisconsin License Plate AAD5180 owned by Stephen R. Majors, a then resident of Brookfield, WI. Upon information and belief Majors did not consent to the stealing of his Jeep.

**RESPONSE:** Admits.

11. Upon information and belief, at approximately 05:15 p.m. at the beginning location of the 2200 block of North 32nd Street **BRIAN YOUNG, RICHARD TOLENTINO, [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281]** commanded the pursuit of the Jeep Cherokee with Squad 3284 as primary and 3281 as secondary pursuit vehicles.

**RESPONSE:** Denies, in part, admits in part. Admit that Squad 3284 and Squad 3281 begin a pursuit, but it was in the location of the 3100 block of W. North Ave.

12. Upon information and belief, Squad 3284 lost sight of the Jeep Cherokee, at which point defendants **SHAUNDAE McINTOSH** and **STEVEN MENGE [Squad 7280]** relocated the Jeep Cherokee heading Westbound on W. Roosevelt Drive from North 41st Street. With Squad 7280 in pursuit, the Jeep Cherokee disregarded the stoplight at the intersection of West Roosevelt and North Sherman Boulevard.

**RESPONSE:** Admits.

13. The plaintiff, Tameca Hill with Raymell Moore as her guest passenger in a 2017 Audi Q7 were traveling Southbound through the intersection with the right of way of a green light when the defendants, **JOHN DOE, EDWARD THOMAS, XAVIER HAYES, KEJUAN PEREZ, TREVON MALONE** and **EARNES JULIEN** in a concerted effort to jointly avoid police apprehension slammed into Hill's Audi causing property damage to the Audi and bodily injury to the plaintiffs Hill and Moore.

**RESPONSE:** Admits that Plaintiffs were traveling southbound and collided with the vehicle, lacks information as to the right of way and lack information as to the damage to the Audi and bodily injury.

14. Overall, defendants, **BRIAN YOUNG, RICHARD TOLENTINO [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281]** and defendants **SHAUNDAE McINTOSH** and **STEVEN MENGE [Squad 7280]** upon information and belief engaged in a pursuit of 6.2 miles in which there were ignored 8 red traffic lights, 2 stop signs, traveled the wrong way on one way streets, drove into on-coming traffic, all on snow covered streets in residential and trafficked commercial areas all while reaching speeds at times in excess of 100 miles per hour.

**RESPONSE:** Denies that Defendants "ignored" traffic lights and stop signs, and traveled in excess of 100 miles per hour. Further, alleges that Defendant officers were compliant with exceptions to the rules of the road for authorized emergency vehicles, under Wis. Stat. § 346.03.

15. That as a direct and proximate result of said motor vehicle collision, the plaintiffs, Hill and Moore, sustained numerous bodily injuries, necessitating medical care and attention, the incursion of medical bills and expenses; past and future pain and suffering and disability, with loss of earning capacity; with, upon information and belief, some said injuries being permanent in nature.

**RESPONSE:** Lacks information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies; further denies that Defendant officers or the pursuit were the direct or proximate result of said injuries.

16. That after the accident, the defendants **EDWARD THOMAS, XAVIER HAYES, KEJUAN PEREA, TREVON MALONE** and **EARNEST JULIEN** were interviewed by the police and all refused to identify who was driving the Jeep Cherokee in the groups concerted effort to avoid police apprehension.

**RESPONSE:** Admits.

17. That by General Order 2019-19, issued May 17, 2019, and effective May 17, 2019, the City of Milwaukee Police Department, by its Chief of Police Alfonso Morales, issued Standard Operating Procedure 660 – Vehicle Pursuits and Emergency Vehicle Operations, a copy of which is attached at Exhibit 2.

**RESPONSE:** Admits.

18. Section 660.05 of said Standard Operating Procedure states as follows:

> "Policy
> All personnel operating department vehicles shall exercise due regard for the safety of all persons. There are no assignments or tasks of such importance that they justify the reckless disregard of the members' safety or the safety of other persons. Members must be mindful of the balance between achieving the goals of law enforcement while maintaining the public's safety."

**RESPONSE:** Admits.

19. Section G of said Standard Operating Procedure states, in pertinent part, as follows:

> "G. Decision to terminate the pursuit
> 3. A vehicle pursuit shall be terminated by the pursuing police member or supervisor under any of the following circumstances:
>
> a. If the reason(s) for the pursuit do not meet the established criteria in Section 660.20 of this policy.
>
> b. If the suspect's identity has been established to the point that later apprehension can be accomplished and there is no longer any exigency need for immediate apprehension.
>
> c. If the prevailing traffic, roadway, or environmental conditions so enhanced the risk involved in continuing the pursuit that termination is warranted.
>
> d. If the pursued vehicle's location is no longer known or the distance between the police member and suspect is such that, in order to continue the pursuit, it would require exceptional speeds that would place the police member and public in serious danger."

**RESPONSE:** Admits.

20. Section L of said Standard Operating Procedure states, in pertinent part, as follows:

> "L. Limitations on emergency vehicle pursuits and tactics
> 4. Distance
>
> Spacing, whether the vehicle in front of the unit is the suspect vehicle or another police vehicle, shall be at a distance that will allow for proper braking and reaction time in the event the lead vehicle stops, slows, or turns.
>
> 5. Direction (wrong way)
>
> Police members shall not pursue suspects the wrong way on interstate or other controlled access highways or divided highways unless specifically authorized by the field supervisor or higher authority.
>
> 6. Suspect's driving
>
> Reckless or hazardous driving maneuvers by the suspect vehicle shall not be duplicated by any pursuing vehicle."

**RESPONSE:** Admits.

21. That prior to February 19, 2021, the City of Milwaukee Police Department knew of the danger presented to innocent individuals in the City of Milwaukee as a result of the Police Department engaging in high-speed motor vehicle pursuits/chases. (See Copy WTMJ-TV Milwaukee posting April 25, 2019/updated April 26, 2019 "MPD doubles down on pursuit policy following two deadly crashes" at Exhibit 3)

**RESPONSE:** Denies to the extent that the phrase "knew of the danger presented to innocent individuals in the City of Milwaukee" is undefined and unclear who knew and what the danger is.

**COUNT IV [sic]**
**42 USC §1983/CIVIL RIGHTS VIOLATION AGAINST THE DEFENDANTS**

22. Plaintiffs reallege each and every allegation contained previously herein and incorporate them by reference under this paragraph.

**RESPONSE:** This paragraph does not contain factual allegations, but realleges previous paragraphs and therefore, defendant does not believe a response is required.

23. That all times material hereto, in engaging in this high-speed motor vehicle pursuit/chase, the defendants, **BRIAN YOUNG, RICHARD TOLENTINO [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281]** and defendants **SHAUNDAE McINTOSH** and **STEVEN MENGE [Squad 7280],** were acting under color of law and in the course and scope of their employment as police officers with the defendant, CITY OF MILWAUKEE's Police Department.

**RESPONSE:** Admits.

24. That all times material hereto, in engaging in this high-speed motor vehicle pursuit/chase, at speeds up to approximately 100 mph, driving the wrong way on a one-way street, weaving in and out of traffic lanes, down residential streets, at approximately 05:15 to 05:30 p.m. the defendants **BRIAN YOUND, RICHARD TOLENTINO [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281]** and defendants **SHAUNDAE McINTOSH** and **STEVEN MENGE [Squad 7280]** subjectively knew of the known risk they presented to members of the public in the area of said high-speed pursuit/chase; namely, the creation of an imminent risk of a potentially fatal injury.

**RESPONSE:** Denies.

25. However, despite subjectively knowing of the known risk they presented to members of the public in the area of said high-speed pursuit/chase; namely, the creation of an imminent risk of a potentially fatal injury, the defendants, **BRIAN YOUNG, RICHARD TOLENTINO [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281]** and defendants **SHAUNDAE McINTOSH** and **STEVEN MENGE [Squad 7280],** displayed a criminal recklessness and/or deliberate indifference to said known risk and were, in fact, taking extreme and obvious risks and were willing to let a fatal collision occur.

**RESPONSE:** Denies.

26. That as a direct and proximate result of said conduct previously alleged, the defendants, **BRIAN YOUNG, RICHARD TOLENTINO, [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281]** and defendants **SHAUNDAE McINTOSH** and **STEVEN MENGEN [Squad 7280],** were a direct and proximate cause of the motor vehicle collision between the motor vehicle being operated by the defendants, **EDWARD THOMAS, XAVIER HAYES, KEJUAN PEREZ, TREVON MALONE** and **EARNEST JULIEN,** and the plaintiffs, Hill and Moore; were a direct and proximate cause of the resulting injuries and damages sustained by the plaintiff, Hill and Moore; and were a direct and proximate cause of a violation of the plaintiff, Hill and Moore's substantive due process rights guaranteed him by the Fourteenth Amendment to the United States Constitution.

**RESPONSE:** Denies.

27. That all times material hereto, the conduct of the defendants, **BRIAN YOUNG, RICHARD TOLENTINO [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281]** and defendants **SHAUNDAE McINTOSH** and **STEVEN MENGE [Squad 7280],** as previously alleged, violated the several quoted ministerial sections of the City of Milwaukee Police Department Standard Operating Procedure 660 – Vehicle Pursuits and Emergency vehicle Operations, effective May 17, 2019.

**RESPONSE:** Denies.

**COUNT 2**
**42 USC §1983/CIVIL RIGHTS VIOLATION AGAINST**
**THE DEFENDANT, CITY OF MILWAUKEE**

28. Plaintiffs reallege each and every allegation set forth previously herein and incorporate them by reference in of [sic] this paragraph.

**RESPONSE:** This paragraph does not contain factual allegations, but realleges previous paragraphs and therefore, defendant does not believe a response is required.

29. That all times material hereto, and prior to February 19, 2021, the defendant, City of Milwaukee, through its governing officials and members of its Police Department, knew of the dangers of the potential risks of fatal injuries that could be caused [sic] innocent members of the public in the City of Milwaukee as a result of high-speed motor vehicle pursuits/chases engaged in by City of Milwaukee police officers.

**RESPONSE:** Denies to the extent that danger of the potential risk of fatal injuries is undefined.

30. That in addressing this known risk, then City of Milwaukee Police Chief Alfonso Morales issued Milwaukee Police Department Standard Operating Procedure 660 – Vehicle Pursuits and Emergency Vehicle Operations.

**RESPONSE:** Denies that the issuance of Milwaukee Police Department Standard Operating Procedure 660 was in addressing this undefined known risk.

31. However, while issuing this Standard Operating Procedure 660 to address this known risk, the City Milwaukee Police Department nonetheless failed to provide adequate training in this standard operating procedure with respect to emergency vehicle operation and control to its police officers such as the defendants, **BRIAN YOUNG, RICHARD TOLENTINO [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281]** and defendants **SHAUNDAE McINTOSH** and **STEVEN MENGE [Squad 7280].**

**RESPONSE:** Denies.

32. That in failing to provide adequate training with respect to Emergency Vehicle Operation and Control and the Standard Operating Procedure 660 to its police officers such as the defendants, **BRIAN YOUNG, RICHARD TOLENTINO [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281]** and defendants **SHAUNDAE McINTOSH** and **STEVEN MENGE [Squad 3281],** the defendant, CITY OF MILWAUKEE, acted with deliberate indifference to a known risk; namely the risk of potentially fatal injury being sustained by innocent individuals in the City of Milwaukee as a result of its police officers engaging in high-speed motor vehicle pursuit/chases. See Flores v. City of South Bend and Justin Gorney, 997 F3d 725, 729-730 (7th Cir. 2021).

**RESPONSE:** Denies.

33. That the defendant, CITY OF MILWAUKEE's deliberate, indifferent conduct, as alleged herein, was a direct and proximate cause of the motor vehicle collision between the motor vehicle being driven by the defendant, and the motor vehicle being driven by the plaintiffs, Hill and Moore, was a direct and proximate cause of the injuries and damages sustained by the plaintiff, Hill and Moore, as a direct and proximate result of said collision and/or directly and proximately caused a violation of the plaintiff, Hill and Moore's substantive due process rights guaranteed him under the Fourteenth Amendment to the United States Constitution.

**RESPONSE:** Denies.

## COUNT 3
## NEGLIGENCE AGAINST THE DEFENDANTS, BRIAN YOUNG, RICHARD TOLENTINO [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281] and defendants SHAUNDAE McINTOSH and STEVEN MENGE [Squad 7280]

34. Plaintiffs reallege each and every allegation contained herein and incorporate them by reference in of [sic] this paragraph.

**RESPONSE:** This paragraph does not contain factual allegations, but realleges previous paragraphs and therefore, defendant does not believe a response is required.

35. That the conduct of the defendants, **BRIAN YOUNG, RICHARD TOLENTINO [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281]** and defendants **SHAUNDAE McINTOSH** and **STEVEN MENGE [Squad 7280],** in engaging in said high-speed motor vehicle pursuit/chase with the defendants, **EDWARD THOMAS, XAVIER HAYES, KEJUAN PEREZ, TREVON MALONE** and **EARNEST JULIEN,** at speeds reaching approximately 100 mph; proceeding the wrong way on a one-way street, disregarding traffic lights and signs; failing to deactivate their squad lights upon termination of the pursuit; all at approximately 05:15 to 05:30 p.m. on residential streets in the City of Milwaukee under the circumstances then and there existing; including, but not limited to, the fact that a tracking device was located in the suspect vehicle that pinpointed the suspect's location to the police department; was negligent and/or reckless.

**RESPONSE:** Denies.

36. That the negligence and/or recklessness exhibited by the defendants, **BRIAN YOUNG, RICHARD TOLENTINO [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281]** and defendants **SHAUNDAE McINTOSH** and **STEVEN MENGE [Squad 7280],** as alleged herein, was a direct and proximate cause of said motor vehicle collision between the motor vehicle being operated by the defendant, **EDWARD THOMAS, XAVIER HAYES, KEJUAN PEREZ, TREVON MALONE** and **EARNEST JULIEN,** and the plaintiffs, Hill and Moore; and was a direct and proximate cause of the injuries and damages sustained by the plaintiffs, Hill and Moore, as a direct and proximate cause of said motor vehicle collision.

**RESPONSE:** Denies.

37. That the conduct and actions of the defendants, **BRIAN YOUNG, RICHARD TOLENTINO [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281]** and defendants **SHAUNDAE McINTOSH** and **STEVEN MENGE [Squad 7280],** as alleged herein, were in violation of the ministerial provisions of Milwaukee Police Department Standard Operating Procedure 660.

**RESPONSE:** Denies.

38. That the conduct and actions of the defendants, **BRIAN YOUNG, RICHARD TOLENTINO [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281]** and defendants **SHAUNDAE McINTOSH** and **STEVEN MENGE [Squad 7280]** as alleged herein, created and/or maintained a known and present danger to the public in general, and the plaintiffs, Hill and Moore, in particular.

**RESPONSE:** Denies.

## COUNT 4
## NEGLIGENCE: CITY OF MILWAUKEE

39. Plaintiffs reallege each and every allegation contained herein and incorporate them by reference under this paragraph.

**RESPONSE:** This paragraph does not contain factual allegations, but realleges previous paragraphs and therefore, defendant does not believe a response is required.

40. That in failing to adequately provide training to its officers, such as the defendant [sic], **BRIAN YOUNG, RICHARD TOLENTINO [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281]** and defendants **SHAUNDAE McINTOSH** and **STEVEN MENGE [Squad 7280],** in emergency vehicle operation and control, in accordance with the written guidelines and provisions of Milwaukee Police Department Standard Operating Procedure Department 660, issued May 17, 2019, the defendant, CITY OF MILWAUKEE, through its Police Department's agents, employees and/or representatives, was negligent.

**RESPONSE:** Denies.

41. That the negligence of the defendant, CITY OF MILWAUKEE, as alleged herein, was a direct and proximate cause of said motor vehicle collision between a motor vehicle being driven by the defendants, **EDWARD THOMAS, XAVIER HAYES, KEJUAN PEREZ, TREVON MALONE** and **EARNEST JULIEN,** and the plaintiffs, Hill and Moore; and was a direct and proximate cause of the injuries and damages sustained by the plaintiff, Hill and Moore, as a direct and proximate result of said motor vehicle collision.

**RESPONSE:** Denies.

42. That the conduct of the defendant, CITY OF MILWAUKEE, as alleged herein, in failing to adequately provide training to its police officers, such as the defendant [sic], **BRIAN YOUNG, RICHARD TOLENTINO [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281]** and defendants **SHAUNDAE McINTOSH** and **STEVEN MENGE [Squad 7280],** in emergency vehicle operation and control, in accordance with the written guidelines and provisions of Milwaukee Police Department Standard Operating Procedure 660, issued May 17, 2019, created and/or maintained a known and present danger to the public in general, and the plaintiffs, Hill and Moore, in particular.

**RESPONSE:** Denies.

## COUNT 5

## NEGLIGENCE AGAINST THE DEFENDANTS, EDWARD THOMAS, XAVIER HAYES, KEJUAN PEREA, TREVON MALONE and EARNEST JULIEN ELLIS

43. Plaintiffs reallege each and every allegation contained herein and incorporates [sic] them by reference under this paragraph.

**RESPONSE:** This paragraph does not contain factual allegations, but realleges previous paragraphs and therefore, defendant does not believe a response is required.

44. That the conduct of the defendant [sic], **EDWARD THOMAS, XAVIER HAYES, KEJUAN PEREZ, TREVON MALONE** and **EARNEST JULIEN,** with respect to said motor vehicle accident involving the plaintiffs, Hill and Moore, as alleged herein, was negligent and/or reckless and/or willful and/or malicious.

**RESPONSE:** Lacks information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

45. That the conduct of the defendant [sic], **EDWARD THOMAS, XAVIER HAYES, KEJUAN PEREZ, TREVON MALONE** and **EARNEST JULIEN,** with respect to said motor vehicle accident involving the plaintiffs, Hill and Moore, was a direct and proximate cause of said motor vehicle collision; and a direct and proximate cause of the injuries and damages sustained by the plaintiffs, Hill and Moore, as a direct and proximate result of said motor vehicle collision.

**RESPONSE:** Lacks information and knowledge sufficient to form a belief as to the truth of the matters alleged, and therefore denies.

**COUNT 7 [sic]**
**INDEMNIFICATION V. THE CITY MILWAUKEE**

46. Plaintiffs reallege each and every allegation contained herein and incorporate them by reference in of [sic] this paragraph.

**RESPONSE:** This paragraph does not contain factual allegations, but realleges previous paragraphs and therefore, defendant does not believe a response is required.

47. That the defendant, CITY OF MILWAUKEE, is liable with respect to indemnification for the alleged actions of the defendants, **BRIAN YOUNG, RICHARD TOLENTINO [Squad 3284], JEFFREY JOPP, ALEXANDER VERREAULT [Squad 3281]** and defendants **SHAUNDAE McINTOSH** and **STEVEN MENGE [Squad 7280],** pursuant to Wis. Stats. § 895.46 to the extent that at all times material hereto, they were acting within the course and scope of their employment with the City of Milwaukee Police Department.

**RESPONSE:** Denies that is the only criteria established in Wis. Stat. § 895.46, but further admits that if the criteria of Wis. Stat. § 895.46 are met, the City of Milwaukee shall indemnify the officers.

## AFFIRMATIVE DEFENSES

AS AND FOR AFFIRMATIVE DEFENSES, Defendant Shaundae McIntosh alleges and states to the Court as follows:

1. Plaintiffs' complaint fails to state a claim upon which relief can be granted;

2. any City of Milwaukee police officers, supervisors or officials acted in good faith, without malice, and pursuant to their duties as law enforcement officers, and are therefore immune from liability to the Plaintiffs, pursuant to the doctrine of qualified immunity;

3. the actions of any City of Milwaukee employees or agents were discretionary or quasi-judicial or quasi-legislative in nature, and are therefore immune from liability regarding any state-law claims, pursuant to Wis. Stat. § 893.80;

4. the amount of liability of the City of Milwaukee, if any, relative to any state-law claim, is limited pursuant to Wis. Stat § 893.80; and

5. the Plaintiffs failed to file the appropriate notice/claim document(s), and consistent with Wis. Stat. § 893.80, any state-law claims are therefore barred.

6. Plaintiffs may have been contributorily negligent.

7. any damages or injuries suffered by Plaintiffs were caused by the actions of others named within or not named within this suit that constitute a superseding or intervening cause

8. Plaintiffs' state law claims, to the extent that they rely on the initiation or decision to continue the pursuit may be barred by *Estate of Cavanaugh by Cavanaugh v. Andrade*, 202 Wis.2d 290 (1996).

## CROSS CLAIM

Defendant hereby alleges the following cross-claim against Defendants: Edward Thomas, Xavier Hayes, Kejuan Perez, Trevon Malone, Earnest Julien, and John Doe (Unknown Driver):

1. Plaintiffs filed a complaint against Defendants

2. Defendants filed an answer, which is incorporated into this cross-claim by reference

3. Defendants', Edward Thomas, Xavier Hayes, Kejuan Perez, Trevon Malone, Earnest Julien, and John Doe (Unknown Driver), negligence was the proximate cause of the injury suffered by the Plaintiffs.

4. In the alternative, if City Defendants are found liable, Defendants Edward Thomas, Xavier Hayes, Kejuan Perez, Trevon Malone, Earnest Julien, and John Doe (Unknown Driver), are jointly and severally liable.

5. In the alternative, if City Defendants are found liable, Defendants Edward Thomas, Xavier Hayes, Kejuan Perez, Trevon Malone, Earnest Julien, and John Doe (Unknown Driver), are liable for indemnification.

WHEREFORE, Defendant Shaundae McIntosh demands judgment as follows:

1. dismissing the complaint of the Plaintiffs as against them on its merits, together with costs and disbursements; and

2. for such other and further relief as the Court may deem just and equitable.

**JURY DEMAND**

Defendant Shaundae McIntosh demands a trial by jury of all issues so triable.

Dated and signed at Milwaukee, Wisconsin this 26th day of June, 2024.

EVAN C. GOYKE
City Attorney

***s/William Hotchkiss***
WILLIAM HOTCHKISS
Assistant City Attorney
State Bar No. 1112878
*Attorneys for Defendants*
*Brian Young,*
*Richard Tolentino,*
*Alexander Verreault,*
*Steven Menge,*
*and Shaundae McIntosh*

**ADDRESS:**
200 E. Wells Street
CH 800
Milwaukee, WI 53202
(414) 286-2601 – Telephone
(414) 286-8550 – Facsimile
Email: whotch@milwaukee.gov

1032-2024-873.001:292009