UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TAMECA HILL and RAYMELL C. MOORE,

        Plaintiffs,

and

XAVIER BECERRA,
Secretary of the Department of Health and Human Services, and
WISCONSIN DEPARTMENT OF HEALTH SERVICES,
UNITED HEALTHCARE INSURANCE COMPANY,

        Involuntary Plaintiffs,

        v.                                   Case No. 24-C-737

BRIAN YOUNG, RICHARD TOLENTINO,
ALEXANDER VERREAULT, STEVEN MENGE,
PROGRESSIVE UNIVERSAL INSURANCE CO.,
JEFFREY JOPP, SHAUNDAE MCINTOSH,
CITY OF MILWAUKEE, JOHN DOE,
EDWARD THOMAS, XAVIER HAYES,
KEJUAN PEREZ, TREVON MALONE, and
EARNEST L. JULIEN,

        Defendants.

## DECISION AND ORDER

Plaintiffs Tameca Hill and Raymell Moore were injured in a February 19, 2021 motor vehicle accident that occurred during a high-speed chase between City of Milwaukee Police Officers and an unknown driver. This matter comes before the court on Plaintiffs' motion for default judgment against Defendants Edward Thomas, Xavier Hayes, Kejuan Perez, Trevon Malone, and Earnest Julien on the issue of liability and for a hearing on damages.

On February 16, 2024, Plaintiffs filed the instant action against Defendants Thomas, Hayes, Perez, Malone, and Julien as well as other defendants in the Milwaukee County Circuit Court. The action was subsequently removed to this court on June 12, 2024. Plaintiffs allege that Thomas, Hayes, Perez, Malone, and Julien were occupants of the fleeing vehicle and that these five defendants, in a concerted effort to jointly avoid police apprehension, slammed into Hill's Audi, causing property damage to the Audi and bodily injury to Plaintiffs. Plaintiffs assert a claim of negligence against these five defendants and demand an award of compensatory damages, attorney's fees, and costs.

Personal service was perfected upon Thomas, Hayes, Perez, Malone, and Julien on May 13, 2024; however, none of these defendants answered or otherwise responded to the complaint. The clerk entered default against Thomas, Hayes, Perez, Malone, and Julien on April 28, 2025.

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. First, the plaintiff must obtain the entry of default from the clerk. Fed. R. Civ. P. 55(a). Upon the entry of default, the court accepts the well-pleaded allegations set forth in the complaint as true. *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). Second, after obtaining the entry of default, the plaintiff may seek an entry of default judgment. Fed. R. Civ. P. 55(b). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citation omitted).

Thomas, Hayes, Perez, Malone, and Julien are deemed to have admitted the allegations in the complaint by virtue of their default, and those allegations are sufficient to establish Plaintiffs' right to judgment against them for negligence. Accordingly, Plaintiffs are entitled to default

2

judgment as to liability with respect to their claims against Thomas, Hayes, Perez, Malone, and Julien.

A default judgment "may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (internal quotation marks and citation omitted). Plaintiffs have requested a hearing to determine damages pursuant to Rule 55(b)(2)(B). The court will hold a hearing on damages with respect to Thomas, Hayes, Perez, Malone, and Julien at a later time.

**IT IS THEREFORE ORDERED** that Plaintiffs' motions for default judgment against Thomas, Hayes, Perez, Malone, and Julien (Dkt. Nos. 31–35) as to liability are **GRANTED**. The court will set a hearing at a later date to determine damages.

Dated at Green Bay, Wisconsin this 30th day of May, 2025.

William C. Griesbach
United States District Judge